IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELA J. GREEN                                                                                                     PLAINTIFF

v.                  Civil No. 2:12-cv-02022-RTD-JRM

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    Factual and Procedural Background**

Plaintiff, Angela J. Green, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act").

Plaintiff protectively filed her applications on November 25, 2008, alleging a disability onset date of April 11, 2008, due to chronic fatigue, fibroymyalgia, back pain, joint pain, and bilateral carpal tunnel syndrome. Tr. 10, 153. On the alleged onset date, Plaintiff was forty-four years old with a GED. Tr. 16, 157. She has past relevant work as a log skidder operator, auto detailer, day worker/cleaner, and horse stable attendant. Tr. 16.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 65-70, 78-82. At Plaintiff's request, an administrative hearing was held on April 8, 2010. Tr. 24-60. Plaintiff was present at this hearing and represented by counsel. The ALJ rendered an unfavorable decision on November 16, 2010, finding Plaintiff was not disabled within the meaning of the Act. Tr. 7-23. Subsequently, the Appeals Council denied Plaintiff's Request for Review on December 1, 2011, thus

making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Plaintiff now seeks judicial review of that decision.

**II.      Applicable Law**

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the

regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.   ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since April 11, 2008, the alleged onset date. Tr. 12. At step two, the ALJ found Plaintiff suffered from chronic fatigue syndrome, degenerative disc disease of the lumbar spine, polyarthralgias, and bilateral carpal tunnel syndrome, which were considered severe impairments under the Act. Tr. 12. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 12-13.

At step four, the ALJ found Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she can only occasionally balance, stoop, kneel, crouch, crawl, climb, and reach overhead, can frequently but not constantly handle and finger bilaterally, and must avoid concentrated exposure to extreme heat, cold, and hazards, such as unprotected heights and dangerous moving machinery. Tr. 13-16.

With these limitations, the ALJ found Plaintiff could not perform her past relevant work. Tr. 16. However, after receiving vocational expert testimony, the ALJ found jobs existing in significant

numbers in the national economy that Plaintiff could perform.[1]  Accordingly, the ALJ determined Plaintiff was not under a disability from April 11, 2008, the alleged onset date, through November 16, 2010, the date of the decision.  Tr. 17-18.

## IV.  Discussion

On appeal, Plaintiff contends the ALJ erred by: (A) failing to fully and fairly develop the record; (B) improperly determining her RFC; and (C) failing to conduct a proper analysis at steps two through four, in light of new evidence submitted to the Appeals Council.  *See* Pl.'s Br. 10-18.  The Commissioner argues that substantial evidence supports the ALJ's decision.  *See* Def.'s Br. 4-18.  For the following reasons, the undersigned finds that substantial evidence does not support the ALJ's decision.

Plaintiff submitted new medical evidence to the Appeals Council, which consisted of updated medical records, a letter from Dr. Dunn, and a Medical Source Statement completed by Dr. Calhoun, Plaintiff's neurosurgeon.  Tr. 238-246, 390-488.  Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision."  *Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir. 1990) (emphasis in original).  Once it is clear that the Appeals Council has considered newly submitted evidence, the court does not evaluate the Appeals Council's decision to deny review.  *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).  Instead, the court's role is limited to deciding whether the ALJ's determination is supported by

---

[1] The ALJ determined Plaintiff could perform the requirements of representative light, unskilled occupations such as cleaner/housekeeper/maid, of which there are 2,250 jobs in Arkansas and 244,000 jobs nationally, and cashier II, of which there are 17,000 jobs in Arkansas and 268,000 jobs nationally.  Tr. 17.

substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *Id.* Of necessity, that means the court must speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing. *Id.*

The court cannot conclude that substantial evidence supports the ALJ's decision. The new medical evidence reveals that, due to a herniated disc at L5/S1 with foraminal stenosis and degenerative disc disease, Plaintiff underwent a microdiscectomy and minimal fusion of the lumbar spine on April 26, 2011. Tr. 241-246, 482. Dr. Dunn's August 25, 2011 letter reveals that Plaintiff continued to experience neuropathy of the left lower extremity and back pain, which had not resolved following surgical intervention. Tr. 482. Additionally, Dr. Dunn reported that Plaintiff was unable to raise her leg and hip due to pain and had begun experiencing depression symptoms due to her physical condition. Tr. 482.

In a Medical Source Statement dated October 26, 2011, Dr. Calhoun found that Plaintiff could occasionally lift less than ten pounds, stand/walk for a total of two hours during an eight-hour workday, and sit for a total of three hours during an eight-hour workday. Tr. 486. He determined Plaintiff was limited in her lower extremities and must elevate her legs four times per day. Tr. 486. Dr. Calhoun also determined that Plaintiff would need five or more breaks during the workday and must lay in a supine position for a total of four hours. Tr. 486-487. He opined that Plaintiff could never climb, squat, kneel, crouch, or bend, and could only balance for two hours in an eight-hour workday. Tr. 487. He further found that Plaintiff could handle, finger, grip, and feel for six hours in an eight-hour workday, but could only reach for less than two hours in an eight-hour workday. Tr. 487. Dr. Calhoun concluded that, based upon the totality of her symptoms, Plaintiff could

perform less than one hour of work activities in a normal workday. Tr. 487.

Dr. Calhoun's Medical Source Statement is the only RFC completed by a treating physician. The only other RFC assessment was completed by Dr. Takach, a non-treating, non-examining agency physician, a year and a half prior to the ALJ's decision. *See Dixon v. Barnhart*, 324 F.3d 997, 1002 (8th Cir. 2003) (relying upon non-examining, non-treating physicians to form an opinion on a claimant's RFC does not satisfy the ALJ's duty to fully and fairly develop the record).

Plaintiff's updated medical records clearly reflect a significant worsening of her lumbar back pain and neuropathy, a condition for which she sought frequent treatment during the relevant time period. Although Plaintiff did not undergo surgery until five months following the ALJ's decision, this evidence was timely submitted to the Appeals Council and made a part of the administrative record for our review. Tr. 4-5. After reviewing the record, including the newly submitted evidence, the court cannot conclude that substantial evidence supports the ALJ's determination. For these reasons, the undersigned recommends that this case be remanded for further development of the record concerning Plaintiff's physical impairments and how they affect her ability to perform substantial gainful activity. Accordingly, this matter should be remanded to the Commissioner for reconsideration of the issue of Plaintiff's RFC, based on all relevant evidence, including medical records, opinions of treating medical personnel, and Plaintiff's description of her own limitations. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

### V.     Conclusion

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have <u>fourteen</u> days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The**

**failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of November 2012.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE